UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES PATRICK MINARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00397-JPH-MG |
| | ) | |
| COMPENSIVE CORRECTIONAL CARE, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff James Minard previously was incarcerated at Vigo County Jail ("the Jail"). He filed this civil action alleging that defendants were deliberately indifferent to his serious medical needs after he had a seizure. Because the plaintiff is proceeding *in forma pauperis*, the Court shall screen the complaint pursuant to 28 U.S.C. §1915(e). *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 465 (7th Cir. 2017); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court must "dismiss [a] case at any time" if the court determines the action is "frivolous or malicious" or the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Luevano*, 722 F.3d at 1022

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Minard's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Minard names one defendant: Comprehensive Correctional Care ("3C"). Dkt. 1 at 1.

In his complaint, Mr. Minard alleges that he had a seizure at the Jail, and pressed the emergency medical button, but the nurse and guard on duty said nothing. Mr. Minard continued to have multiple seizures but no one helped him. He seeks monetary damages.

## III. Dismissal of Complaint

Although Mr. Minard may have a claim related to medical care under either the Eighth or Fourteenth Amendments, depending on whether he was a pretrial detainee or convicted prisoner when he was at the Jail, he has not named any individual defendants, and likewise has not alleged any misconduct by any

individual. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mr. Minard's complaint fails to state any factual allegations against any individual defendant.

Finally, any claim against 3C is dismissed. Private corporations acting under color of state law are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). The complaint does not identify an action taken by 3C that caused Mr. Minard to suffer a constitutional violation. Mr. Minard generally alleges that he was denied medical care without supplying any facts from which the Court could infer that the corporate medical provider has a policy, pattern, or practice of this

conduct. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011). Accordingly, the claim against 3C must be **dismissed.**

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

**IV. Opportunity to File an Amended Complaint**

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through November 2, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing

his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:26-cv-00397-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES PATRICK MINARD
2609 Park St.
Terre Haute, IN 47803